IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YOSBEL GONZALEZ CASTELLON, :
 :
   Petitioner, : 3:26-cv-1725
 : (JUDGE MARIANI)
 v. :
 :
JESSICA SAGE, :
WARDEN, FCI LEWISBURG, :
 :
   Respondent. :

## MEMORANDUM OPINION

### I. BACKGROUND

Petitioner Yosbel Gonzalez Castellon ("Petitioner"), a citizen of Cuba, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained at FCI Lewisburg within the Middle District of Pennsylvania and names as Respondent Jessica Sage, Warden of FCI Lewisburg. Petitioner alleges he has been detained in civil immigration custody since December 23, 2025, and that his detention violates due process. (*Id.* at 2). He seeks his immediate release from custody.

Respondent seeks dismissal of the petition as "premature." (Doc. 7 at 2). More specifically, Respondent claims that the Court cannot grant relief because Petitioner is detained pursuant to 8 U.S.C. § 1231 and he is still within the 90-day removal period thus making his detention mandatory. The Court agrees and will deny the petition.

In 2006, Petitioner "was encountered in a group of approximately 20 Cuban nationals by the Coast Guard on Indian Key" in Florida. (*Id.*). Petitioner was processed for a Notice to Appear and released on his own recognizance. (*Id.*). On October 27, 2006, Petitioner adjusted his status and became a lawful permanent resident. (*Id.*).

On September 9, 2019, Petitioner was arrested in Palmer Township Pennsylvania and charged with Theft by Deception, 18 Pa. C.S. § 3922(a)(1); Access Device Fraud, 18 Pa. C.S. § 4106(a)(1)(11), Access Device Fraud, 18 Pa. C.S. § 4106(A)(3); and Possessing an Instrument of Crime, 18 Pa. C.S. § 907(a). (*Id.* at 2-3). Petitioner pleaded guilty in February 2021 and was sentenced to 12 months of probation. (*Id.* at 3).

On February 22, 2025, Petitioner was arrested in Lancaster Pennsylvania and charged with: Corrupt Organizations, 18 Pa. C.S. § 911(b)(3); Dealing in Unlawful Activities, 18 Pa. C.S. § 5111; Organized Retail Theft, 18 Pa. C.S. § 3929(3)(A); Access Device Fraud, 18 Pa. C.S. § 4106(a)(1)(i); Possessing an Instrument of Crime, 18 Pa. C.S. § 907(a); and Criminal Use of Communication Facility, 18 Pa. C.S. § 7512(a). (*Id.*). On October 17, 2025, Petitioner pleaded guilty to all counts and was sentenced to a term of imprisonment of 11 months and 29 days plus 7 years of probation. (*Id.*).

Upon his release from state custody, Petitioner was taken into custody by ICE. (*Id.*). On December 23, 2025, Petitioner was served with a Notice to Appear charging him as deportable pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(ii), (iii) for being convicted of an aggravated felony and for being convicted of two crimes involving mortal turpitude. (*Id.*).

2

On April 20, 2026, an Immigration Judge ("IJ") ordered Petitioner removed to Cuba. (Doc. 7-5). "Petitioner did not timely file an appeal of the Immigration Judge's order and accordingly has a final order of removal."[1] (Doc. 7 at 4).

## II.    STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

---

[1]    On May 22, 2026, ICE served notice on Petitioner of its intent to remove him to Mexico "and Petitioner expressed a fear of removal to Mexico." (Doc. 7 at 4). "Petitioner was interviewed by USCIS regarding his fear of removal to Mexico and a DHS asylum officer determined that Petitioner did not establish that it is more likely than not that he will be persecuted or tortured in Mexico." (*Id.* at 4-5).

## III.    ANALYSIS

Respondent claims the Court must dismiss the petition because Petitioner's detention falls within the 90-day removal period provided by 8 U.S.C. § 1231(a) and is thus mandatory.  The Court agrees.  Because Petitioner is still within the 90-day removal period, his detention is mandatory, and the Court cannot grant him habeas relief at this time.

Section 1231 provides, in relevant part:

**(a) Detention, release, and removal of aliens ordered removed**
**(1) Removal period**
**(A) In general**
Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
**(B) Beginning of period**
The removal period begins on the latest of the following:
**(i)** The date the order of removal becomes administratively final.
**(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
**(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
**(C) Suspension of period**
The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.
**(2) Detention**
**(A) In general**
During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible

4

under section  1182(a)(2) or 1182(a)(3)(B) of  this  title  or  deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a).

"Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)).  "The removal period begins on the latest of three dates:  (1) the date the order of removal becomes administratively final, (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." *Id.* (citing 8 U.S.C. § 1231(a)(1)(B)).  "During the removal period, detention is mandatory." *Id.* (citing 8 U.S.C. § 1231(a)(2)).

Petitioner was ordered removed on April 20, 2026.  (Doc. 7-5).  He had until May 20, 2026, to appeal the IJ's removal order to the Board of Immigration Appeals ("BIA").  Petitioner did not file an appeal to the BIA thus making his order of removal final.  8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(c).[2]  Because Petitioner is still within the 90-day removal period set forth in 8 U.S.C. § 1231(a)(1)(B), and the Supreme Court finds that less than six-

---

[2]    8 C.F.R. § 1241.1 is entitled "Final order of removal" and provides, in relevant part:
An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time; . . . .

8 C.F.R. § 1241.1(a)-(c).

months of post-removal detention under the statute is presumptively reasonable, the Court cannot grant Petitioner habeas relief at the time.[3]  *See Vargas Chacon v. Rokosky*, 2026 WL 1048383, at *1 (D.N.J. Apr. 17, 2026) ("Because his current detention falls within the statutorily mandated removal period and does not otherwise violate the Constitution, the Petition is denied.").  Accordingly, the petition will be denied.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied.  A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3]    The Supreme Court has interpreted 8 U.S.C. § 1231(a) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).   The Supreme Court found that a detention period of six months was "presumptively reasonable." *Id.* at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*